SLIP OPINION

Cite as 2016 Ark. 131

# SUPREME COURT OF ARKANSAS
No.

| | |
|---|---|
| IN RE ADMINISTRATIVE ORDER NUMBER 15.1 – QUALIFICATIONS AND STANDARDS FOR ATTORNEYS APPOINTED TO REPRESENT CHILDREN AND PARENTS | **Opinion Delivered** March 17, 2016 |

## PER CURIAM

Administrative Order Number 15.1 is amended, effective immediately, and republished as set out below. The amendments are to sections 1, 2, and 3, are illustrated in the End Note, and are summarized as follows: Section 1 (c) is amended to provide an individualized clinical component commensurate with each attorney's experience. Sections 2 and 3 are amended with respect to providing attorney contact information and clarifying attorney's communication responsibilities.

**Administrative Order Number 15.1 –Qualifications and Standards for Attorneys Appointed to Represent Children and Parents**

Section 1. Qualifications for attorneys appointed by the court to represent children and indigent parents in dependency-neglect cases.

 a. An attorney shall be licensed and in good standing with the Arkansas Supreme Court.

 b.(1) Prior to appointment, an attorney shall have initial education to include

approved legal education of not less than 10 hours in the two years prior to the

date an attorney qualifies as a court-appointed attorney for children or indigent

parents in dependency-neglect cases. Initial training must include:

Child development;
Dynamics of abuse and neglect;
Attorney roles & responsibilities, including ethical considerations;
Relevant state law, federal law, case law, and rules;
Family dynamics, which may include but is not limited to, the following topics:
substance abuse, domestic violence and mental health issues; and
Division of Children and Family Services (DCFS) policies and procedures.
Additional initial legal education may include, but is not limited to:
Grief and attachment;
Custody and visitation;
Resources and services; and
Trial and appellate advocacy.

(2)   The Administrative Office of the Courts (AOC) shall design and conduct

programs for the initial 10 hours of legal education, either alone or in collaboration with

other agencies or entities.

(3)   Following completion of the initial 10 hours of legal education, continuing legal

education (CLE) shall include at least 4 hours per year related to representation in

dependency-neglect cases which may include, but is not limited to, the subject categories

listed in (b)(1). The 4 hours of CLE may be in any one of the specified categories in (b)(1)

or in any combination thereof.

(4)   Both the initial 10 hours of education and the 4 hours of CLE shall be certified

in accordance with the rules and regulations promulgated by the Continuing Legal

Education Board. All educational hours shall be calculated with reference to the CLE

SLIP OPINION

reporting period of July 1 through June 30, as utilized for general CLE credit by the Continuing Legal Education Board. The CLE hours for attorneys may not be carried over from one CLE year to the next.

(5)   An attorney who is qualified for court appointment in dependency-neglect cases but who fails to acquire 4 hours of CLE required by June 30 of any year shall be subject to the pertinent compliance dates of Rule 5(D) of the Arkansas Rules and Regulations for Minimum Continuing Legal Education. In accordance with Rule 5.(D), attorneys who sign an acknowledgment deficiency by August 31, and obtain their 4 hours by December 1 shall remain qualified. However, such attorneys shall not be subject to the provisions of Section 5 of the Regulations for Minimum Continuing Legal Education.

(6)   When an attorney is seeking to complete the 4-hour CLE requirement between June 30 and December 1 for the previous CLE year, he or she may remain as attorney on any pending cases for which appointment was made when the attorney was in compliance with the educational requirements. However, that attorney shall not accept appointment to any new cases until he or she is in full compliance with the CLE requirements.

(7)   An attorney who fails to complete 4 hours of CLE by December 1 is no longer qualified for court appointment in dependency-neglect cases. His or her name shall be removed from the list of qualified attorneys that is maintained and distributed to the trial courts by the AOC. Such attorney can become qualified again only by completing 10 hours of CLE in the categories required for initial qualification.

(8)    Attorneys in compliance with the educational qualifications as an attorney ad litem for dependency-neglect cases as of July 1, 2001 shall be deemed to have met the initial educational qualifications to represent parents in dependency-neglect cases.

c.    Clinical prerequisite for new appointments in dependency-neglect cases.

The Directors of the Attorney Ad Litem Program and Parent Counsel Program shall establish an individualized clinical prerequisite commensurate with each individual attorney's experience that may include but is not limited to participation in staffings, mediation and hearings with an experienced attorney, and assigning an experienced attorney as mentor to the new attorney. Each attorney shall have a documented clinical plan approved by an attorney program director in their dependency-neglect qualification file.

Section 2. Standards of practice for attorneys ad litem in dependency-neglect cases.

a.    An attorney ad litem shall conduct personally or in conjunction with a trained Court Appointed Special Advocate (CASA) volunteer an independent investigation consisting of review of all relevant documents and records including but not limited to: police reports, DCFS records, medical records, school records, and court records. The ad litem shall interview the child, and in conjunction with a trained CASA volunteer, when one has been appointed, shall interview the parents, foster parents, caseworker, service providers, school personnel and others having relevant knowledge to assist in representation. Continuing investigation and regular contact with the child are mandatory.    The attorney ad litem shall provide his or her clients and/or his or her client's caregivers, the attorney's contact information and shall respond promptly to all contacts concerning his or her client,

SLIP OPINION

understanding that traditional methods of communication may vary depending on the client's age and ability.

b.    An attorney ad litem shall determine the best interest of a child by considering such factors as the child's age and sense of time, level of maturity, culture and ethnicity, degree of attachment to family members including siblings; as well as continuity, consistency, and the child's sense of belonging and identity.

c.    An attorney shall make earnest efforts to attend all case staffings and court-ordered mediation conferences. Absent reasonable cause, the attorney shall directly communicate with his or her client and/or his or her client's caregiver prior to the date of each hearing. An attorney ad litem shall appear at all hearings to represent the best interest of the child. All relevant facts should be presented to the court and if the child's wishes differ from the ad litem's determination of the child's best interest, the ad litem shall communicate the child's wishes to the court.

d.    An attorney ad litem shall explain the court proceedings and the role of the ad litem in terms that the child can understand.

e.    An attorney ad litem shall advocate for specific and appropriate services for the child and the child's family.

f.    An attorney ad litem shall monitor implementation of case plans and court orders.

g.    An attorney ad litem shall file appropriate pleadings on behalf of the child.

SLIP OPINION

h.    An attorney ad litem shall review the progress of the child's case and shall advocate for timely hearings.

i.    An attorney ad litem shall request orders that are clear, specific, and, where appropriate, include a time line for assessment, services, placement, treatment and evaluation of the child and the child's family.

j.    Attorney-client or any other privilege shall not prevent the ad litem from sharing all information relevant to the best interest of the child with the court.

k.    An attorney ad litem, functioning as an arm of the court, is afforded immunity against ordinary negligence for actions taken in furtherance of his or her appointment.

l.    An attorney ad litem shall participate in 10 hours of initial legal education prior to appointment and shall participate in 4 hours of CLE each year thereafter.

m.    An attorney ad litem shall identify any potential or actual conflict of interest that would impair his or her ability to represent a client. The attorney shall notify the court as soon as practical of such conflict to allow the court to appoint another attorney for the client or for the client to retain counsel prior to the next hearing.

n.    A full-time attorney shall not have more than 75 dependency-neglect cases, and a part-time attorney shall not have more than 25 dependency-neglect cases. Any deviations from this standard must be approved by the Administrative Office of the Courts which shall consider the following, including but not limited to: the number of counties and geographic

SLIP OPINION

area in a judicial district, the experience and expertise of the attorney ad litem, area resources, the availability of CASA volunteers, the attorney's legal practice commitments and the proportion of the attorney's practice dedicated to representing children in dependency-neglect cases, the availability of qualified attorneys in the geographic area, and the availability of funding. An attorney who is within 5 cases of reaching the maximum caseload shall notify the Administrative Office of the Courts and the Juvenile Division Judge.

o.    An attorney shall not accept appointment of any case for which he or she cannot devote the requisite amount of time to comply with the above Standards of Practice and the Model Rules of Professional Conduct.

Section 3. Standards of practice for attorneys appointed by the court to represent parents in dependency-neglect cases.

a.    An attorney shall conduct a review of all relevant documents and records including but not limited to: police reports, DCFS records, medical records, and court records. An attorney shall interview all people having relevant knowledge to assist in representation, including but not limited to the investigator, OCC attorney or DCFS case worker, and service providers.

b.    The attorney shall provide his or her clients the attorney's contact information and shall respond promptly to all contacts concerning his or her client. An attorney shall make earnest efforts to attend all case staffings and court-ordered mediation conferences. Absent

SLIP OPINION

reasonable cause, the attorney shall directly communicate with his or her client prior to the date of each hearing. An attorney shall attend all dependency-neglect court hearings until the case is closed or his or her client's parental rights have been terminated.

c.    An attorney shall diligently and zealously protect and advance the client's interests, rights and goals at all case staffings and in all court proceedings.

d.    An attorney shall advise and explain to the client each stage of the court proceedings and the likelihood of achieving the client's goals. An attorney, where appropriate, shall identify alternatives for the client to consider, including the client's rights regarding any possible appeal, and explain the risks, if any, inherent in the client's position.

e.    An attorney shall appear at all hearings and present all evidence and develop all issues to zealously advocate for his or her client and to further the client's goals.

f.    An attorney shall advocate for specific and appropriate services for the parent to further the client's goals.

g.    An attorney shall monitor implementation of case plans and court orders to further the client's goals.

h.    An attorney shall file appropriate pleadings to further the client's goals.

i.    An attorney shall review the progress of the client's case and shall advocate for timely hearings when necessary to further the client's goals.

j.    An attorney shall request orders that are clear, specific, and, where appropriate,

SLIP OPINION

include a time line for assessment, services, placement, and treatment.

k.    An attorney shall participate in 10 hours of initial legal education prior to appointment and shall participate in 4 hours of CLE each year thereafter.

l.    An attorney shall identify any potential or actual conflict of interest that would impair his or her ability to represent a client. The attorney shall notify the court as soon as practical of such conflict to allow the court to appoint another attorney for the client or for the client to retain counsel prior to the next hearing.

m.    An attorney shall not accept appointment of any case for which he or she cannot devote the requisite amount of time to comply with the above Standards of Practice and the Model Rules of Professional Conduct.

Section 4. Qualifications for attorneys appointed by the court to represent children in domestic relations cases and guardianship cases when custody is an issue.

a.    An attorney shall be licensed and in good standing with the Arkansas Supreme Court.

(1)    Prior to appointment, an attorney shall have initial education to include approved legal education of not less than 10 hours in the two years prior to the date the attorney qualifies for appointment. Initial education shall include but is not limited to:

    Child development;

    Ad litem roles and responsibilities, including ethical considerations;

     Relevant substantive state, federal and case law;

Custody and visitation; and

Family dynamics, including substance abuse, domestic abuse, and mental health issues.

(2)    The Administrative Office of the Courts shall design and conduct programs for the initial 10 hours of legal education, either alone or in collaboration with other agencies or entities.

(3)    Continuing education required to maintain qualification as an attorney ad litem shall include 4 hours of annual education in any of the five subject–matter areas set out in (b)(1) above for initial training, or in other areas affecting the child and family. The 4 hours of CLE may be in any one of the specified categories or in any combination thereof. (4)    Both the initial 10 hours of education and the 4 hours of CLE shall be certified as CLE in accordance with the rules and regulations promulgated by the Continuing Legal Education Board. All educational hours shall be calculated with reference to the CLE reporting period of July 1 through June 30, as utilized for general CLE credit by the Continuing Legal Education Board. The CLE hours for attorneys ad litem may not be carried over from one CLE year to the next.

(5)    An attorney who is qualified as an attorney ad litem but who fails to acquire 4 hours of CLE by June 30 of any year shall be subject to the pertinent compliance dates of Rule 5.(D) of the Arkansas Rules and Regulations for Minimum Continuing Legal

SLIP OPINION

Education. In accordance with Rule 5.(D), attorneys who sign an acknowledgment of deficiency and obtain their four hours by December 1 shall remain qualified as attorneys ad litem. However, such attorneys shall not be subject to the provisions of Section 5 of the Regulations for Minimum Continuing Legal Education.

(6)     When an attorney ad litem is seeking to complete the 4-hour continuing education requirement between June 30 and December 1 for the previous CLE year, he or she may remain as attorney ad litem on any pending cases for which appointment was made when the attorney was in compliance with educational requirements. However, that attorney shall not accept appointment to any new cases until he or she is in full compliance with the CLE requirements.

(7)     An attorney who fails to complete 4 hours of CLE by December 1 is no longer qualified as an attorney ad litem. His or her name shall be removed from the list of qualified attorneys that is maintained and distributed to the trial courts by the AOC. Such attorney can become qualified again only by completing 10 hours in the categories required for initial qualification.

Section 5. Standards of practice for attorneys ad litem in domestic relations cases and guardianship cases when custody is an issue.

a.     An attorney ad litem shall conduct an independent investigation consisting of review of all relevant documents and records. The ad litem shall interview the child, parents, and

SLIP OPINION

others having relevant knowledge to assist in representation. Continuing investigation and regular contact with the child during the pendency of the action are mandatory. Upon entry of a final order, the attorney ad litem's obligation to represent the minor child shall end, unless directed otherwise by the court.

b.    An attorney ad litem shall determine the best interest of a child by considering such custody criteria as:

(1)    Moral fitness factors: integrity, character, compassion, sobriety, religious training and practice, a newly acquired partner regarding the preceding elements;

(2)    Stability factors: emotional stability, work stability, financial stability, residence and school stability, health, partner stability;

(3)    Love and affection factors: attention given, discipline, attitude toward education, social attitude, attitude toward access of the other party to the child, and attitude toward cooperation with the other party regarding the child's needs;

(4)    Other relevant information regarding the child such as stated preference, age, sex, health, testing and evaluation, child care arrangements; and regarding the home such as its location, size, and family composition.

c.    An attorney ad litem shall appear at all hearings to represent the best interest of the child. All relevant facts should be presented to the court and if the child's wishes differ from the ad litem's determination of the child's best interest, the ad litem shall communicate the

SLIP OPINION

child's wishes to the court, as well as the recommendations of the ad litem.

d.    An attorney ad litem shall file appropriate pleadings on behalf of the child, call witnesses, participate fully in examination of witnesses, present relevant evidence, and advocate for timely hearings.

e.    An attorney ad litem shall explain to the child the court proceedings and the role of the ad litem in terms that the child can understand.

f.    An attorney ad litem shall make recommendations to the court for specific and appropriate services for the child and the child's family. All recommendations shall likewise be communicated to the attorneys for the parties, or if a party is pro se, then to the party.

g.    An attorney ad litem shall not be prevented by any privilege, including the lawyer-client privilege, from sharing with the court all information relevant to the best interest of the child.

h.    An attorney shall not accept appointment to any case for which he or she cannot devote the requisite amount of time to comply with these standards of practice and the Model Rules of Professional Conduct.

    END NOTE

Administrative Order Number 15.1

Section 1. Qualifications for attorneys appointed by the court to represent children and indigent parents in dependency-neglect cases.

SLIP OPINION

a.   An attorney shall be licensed and in good standing with the Arkansas Supreme Court.

b.(1)   Prior to appointment, an attorney shall have initial education to include approved legal education of not less than 10 hours in the two years prior to the date an attorney qualifies as a court-appointed attorney for children or indigent parents in dependency-neglect cases. Initial training must include:

Child development;

Dynamics of abuse and neglect;

Attorney roles & responsibilities, including ethical considerations;

Relevant state law, federal law, case law, and rules;

Family dynamics, which may include but is not limited to, the following topics: substance abuse, domestic violence and mental health issues; and

Division of Children and Family Services (DCFS) policies and procedures.

Additional initial legal education may include, but is not limited to:

Grief and attachment;

Custody and visitation;

Resources and services; and

Trial and appellate advocacy.

(2)   The Administrative Office of the Courts (AOC) shall design and conduct programs for the initial 10 hours of legal education, either alone or in collaboration with

SLIP OPINION

other agencies or entities.

(3)    Following completion of the initial 10 hours of legal education, continuing legal education (CLE) shall include at least 4 hours per year related to representation in dependency–neglect cases which may include, but is not limited to, the subject categories listed in (b)(1). The 4 hours of CLE may be in any one of the specified categories in (b)(1) or in any combination thereof.

(4)    Both the initial 10 hours of education and the 4 hours of CLE shall be certified in accordance with the rules and regulations promulgated by the Continuing Legal Education Board. All educational hours shall be calculated with reference to the CLE reporting period of July 1 through June 30, as utilized for general CLE credit by the Continuing Legal Education Board. The CLE hours for attorneys may not be carried over from one CLE year to the next.

(5)    An attorney who is qualified for court appointment in dependency–neglect cases but who fails to acquire 4 hours of CLE required by June 30 of any year shall be subject to the pertinent compliance dates of Rule 5.(D) of the Arkansas Rules and Regulations for Minimum Continuing Legal Education. In accordance with Rule 5.(D), attorneys who sign an acknowledgment deficiency by August 31, and obtain their 4 hours by December 1 shall remain qualified. However, such attorneys shall not be subject to the provisions of Section 5 of the Regulations for Minimum Continuing Legal Education.

SLIP OPINION

(6)     When an attorney is seeking to complete the 4-hour CLE requirement between June 30 and December 1 for the previous CLE year, he or she may remain as attorney on any pending cases for which appointment was made when the attorney was in compliance with the educational requirements. However, that attorney shall not accept appointment to any new cases until he or she is in full compliance with the CLE requirements.

(7)     An attorney who fails to complete 4 hours of CLE by December 1 is no longer qualified for court appointment in dependency-neglect cases. His or her name shall be removed from the list of qualified attorneys that is maintained and distributed to the trial courts by the AOC. Such attorney can become qualified again only by completing 10 hours of CLE in the categories required for initial qualification.

(8)     Attorneys in compliance with the educational qualifications as an attorney ad litem for dependency-neglect cases as of July 1, 2001 shall be deemed to have met the initial educational qualifications to represent parents in dependency-neglect cases.

c.    Clinical prerequisite for new appointments in dependency-neglect cases. The Directors of the Attorney Ad Litem Program and Parent Counsel Program shall establish an individualized clinical prerequisite commensurate with each individual attorney's experience that may include but is not limited to participation in staffings, mediation and hearings with an experienced attorney, and assigning an experienced attorney as mentor to the new attorney. Each attorney shall have a documented clinical plan approved by an attorney

SLIP OPINION

program director in their dependency-neglect qualification file.

~~(1)   Attorneys ad litem: Assistance in representation of a child with an experienced attorney in the following hearings:~~

~~Emergency;~~

~~Adjudication/Disposition;~~

~~Review;~~

~~Permanency Planning; and~~

~~Termination of Parental Rights.~~

~~(2)   Parent counsel: Assistance in representation of a parent with an experienced attorney in the following hearings:~~

~~Emergency;~~

~~Adjudication/Disposition;~~

~~Review;~~

~~Permanency Planning; and~~

~~Termination of Parental Rights.~~

Section 2. Standards of practice for attorneys ad litem in dependency-neglect cases.

a.   An attorney ad litem shall conduct personally or in conjunction with a trained Court Appointed Special Advocate (CASA) volunteer an independent investigation consisting of review of all relevant documents and records including but not limited to: police reports,

DCFS records, medical records, school records, and court records. The ad litem shall interview the child, and in conjunction with a trained CASA volunteer, when one has been appointed, shall interview the parents, foster parents, caseworker, service providers, school personnel and others having relevant knowledge to assist in representation. Continuing investigation and regular contact with the child are mandatory. <u>The attorney ad litem shall provide his or her clients and/or his or her client's caregivers, the attorney's contact information and shall respond promptly to all contacts concerning his or her client, understanding that traditional methods of communication may vary depending on the client's age and ability.</u>

b.   An attorney ad litem shall determine the best interest of a child by considering such factors as the child's age and sense of time, level of maturity, culture and ethnicity, degree of attachment to family members including siblings; as well as continuity, consistency, and the child's sense of belonging and identity.

c.   An attorney shall make earnest efforts to attend all case staffings and court-ordered mediation conferences. ~~and to meet with his or her client prior to every hearing~~. <u>Absent reasonable cause, the attorney shall directly communicate with his or her client and/or his or her client's caregiver prior to the date of each hearing.</u> An attorney ad litem shall appear at all hearings to represent the best interest of the child. All relevant facts should be presented to the court and if the child's wishes differ from the ad litem's determination of the child's

SLIP OPINION

best interest, the ad litem shall communicate the child's wishes to the court.

 d. An attorney ad litem shall explain the court proceedings and the role of the ad litem in terms that the child can understand.

 e. An attorney ad litem shall advocate for specific and appropriate services for the child and the child's family.

 f. An attorney ad litem shall monitor implementation of case plans and court orders.

 g. An attorney ad litem shall file appropriate pleadings on behalf of the child.

 h. An attorney ad litem shall review the progress of the child's case and shall advocate for timely hearings.

 i. An attorney ad litem shall request orders that are clear, specific, and, where appropriate, include a time line for assessment, services, placement, treatment and evaluation of the child and the child's family.

 j. Attorney-client or any other privilege shall not prevent the ad litem from sharing all information relevant to the best interest of the child with the court.

 k. An attorney ad litem, functioning as an arm of the court, is afforded immunity against ordinary negligence for actions taken in furtherance of his or her appointment.

 l. An attorney ad litem shall participate in 10 hours of initial legal education prior to appointment and shall participate in 4 hours of CLE each year thereafter.

 m. An attorney ad litem shall identify any potential or actual conflict of interest that

SLIP OPINION

would impair his or her ability to represent a client. The attorney shall notify the court as soon as practical of such conflict to allow the court to appoint another attorney for the client or for the client to retain counsel prior to the next hearing.

n.   A full-time attorney shall not have more than 75 dependency-neglect cases, and a part-time attorney shall not have more than 25 dependency-neglect cases. Any deviations from this standard must be approved by the Administrative Office of the Courts which shall consider the following, including but not limited to: the number of counties and geographic area in a judicial district, the experience and expertise of the attorney ad litem, area resources, the availability of CASA volunteers, the attorney's legal practice commitments and the proportion of the attorney's practice dedicated to representing children in dependency-neglect cases, the availability of qualified attorneys in the geographic area, and the availability of funding. An attorney who is within 5 cases of reaching the maximum caseload shall notify the Administrative Office of the Courts and the Juvenile Division Judge.

o.   An attorney shall not accept appointment of any case for which he or she cannot devote the requisite amount of time to comply with the above Standards of Practice and the Model Rules of Professional Conduct.

Section 3. Standards of practice for attorneys appointed by the court to represent parents in dependency-neglect cases.

a.   An attorney shall conduct a review of all relevant documents and records including but

SLIP OPINION

not limited to: police reports, DCFS records, medical records, and court records. An attorney shall interview all people having relevant knowledge to assist in representation, including but not limited to the investigator, OCC attorney or DCFS case worker, and service providers.

b. The attorney shall provide his or her clients the attorney's contact information and shall respond promptly to all contacts concerning his or her client. An attorney shall make earnest efforts to attend all case staffings and court-ordered mediation conferences ~~and to meet with his or her client prior to every hearing~~. Absent reasonable cause, the attorney shall directly communicate with his or her client prior to the date of each hearing. An attorney shall attend all dependency-neglect court hearings until the case is closed or his or her client's parental rights have been terminated.

. . . .